Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 987 | **DATE** | 11/20/2002 |
| **CASE TITLE** | Nelson vs. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's counsel's petition for attorney's fees in the amount of $19,425.25 is granted.

(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | **NOV 22 2002** date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | 32 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 11/20/2002 date mailed notice | |
| mm | courtroom deputy's initials | mm mailing deputy initials | |

Date/time received in central Clerk's Office

(stamped: U.S. DISTRICT COURT CLERK   02 NOV 21 PM 6:33)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
NOV 2 2 2002

PATRICIA J. HUSSAR-NELSON )
)
Plaintiff, )
) Case No. 99 C 0987
v. )
) Magistrate Judge Nan R. Nolan
JO ANNE BARNHART, )
Commissioner of Social Security, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

This social security action is before the Court on plaintiff's counsel's petition for attorney's fees in which counsel requests fees in the amount of $19,425.25 representing twenty-five percent of plaintiff's past-due benefits. Counsel had a contingency fee agreement for that percentage, which is the maximum 42 U.S.C. § 406(b)(1)(A) allows. The Social Security Commissioner does not object to awarding plaintiff's counsel fees in the amount of $10,780.00. For the reasons explained below, petitioner is awarded $19,425.25.

Plaintiff Patricia Hussar-Nelson sought judicial review of the final decision of the Commissioner finding that she was not entitled to Disability Insurance Benefits. The Court granted summary judgment for Nelson, denied summary judgment for the Commissioner, and remanded the matter to the Social Security Administration for further proceedings consistent with the Court's opinion. The Court found that the ALJ's determination at step 5 was not supported by substantial evidence in the record because the ALJ improperly rejected the uncontradicted medical opinion of plaintiff's treating physician that she needed to walk constantly during an eight hour workday. On remand, plaintiff was found disabled since her alleged onset date and awarded 31 years of disability

benefits.

Petitioner requests a fee of $19,425.25 for 53.9 hours of time spent representing plaintiff before the Court. Pursuant to a contingent-fee agreement, plaintiff had agreed to pay her counsel 25 percent of all past-due benefits awarded. On May 18, 2000, this Court awarded petitioner attorney's fees payable by the United States under the Equal Access to Justice Act ("EAJA") in the amount of $6,717.50. On September 18, 2002, Regional Chief Administrative Law Judge Paul Lillios authorized a fee in the amount of $8,482.00 for work performed at the administrative level. According to petitioner, the amount of $1,764.50 over and above the $6,717.50 EAJA fee would be withheld from the same 25% of past-due benefits sought by petitioner. As explained below, fees may be awarded pursuant to a contingency agreement and under the EAJA in social security disability cases, but the claimant's attorney must refund to the claimant the amount of the smaller fee.

As part of its judgment in social security disability cases decided favorable to the claimant, a court may allow "a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." Id. Under the EAJA, "a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" Gisbrecht v. Barnhart, 122 S.Ct. 1817, 1822 (2002). Fees may be awarded under both provisions, as long as the claimant's attorney gives her client the amount of the smaller fee. Id. "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point

the claimant receives 100 percent of the past-due benefits." Id.

The Supreme Court has recently held that in determining a fee under § 406(b)(1), a court must consider first any contingency fee arrangement, then test it for reasonableness. Gisbrecht, 122 S.Ct. at 1828. The Gisbrecht court concluded:

> []§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

Id. The Supreme Court acknowledged that attorney's fees may be reduced in certain circumstances:

> If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

Id.

Petitioner now seeks the full 25 percent maximum contingency fee allowed by law. In determining whether the full twenty-five percent award of fees is reasonable, the courts should consider the time and labor required, the skill required, whether the fee is fixed or contingent, the amount involved and the result obtained, the experience, reputation and ability of the attorney, awards in similar cases, and the risk of loss. McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989). In light of these factors, the Court concludes that an award of fees amounting to 25% of past due benefits is reasonable in this case.

The total amount of time petitioner spent on plaintiff's case was substantial. Petitioner spent 48.8 hours working on this case before the Court and he also billed 5.1 hours of law clerk time. Petitioner also indicates that he spent 67.85 hours before the agency. Petitioner represented plaintiff at two administrative hearings, before the Appeals Council, and in the United States District Court. In addition, this case required petitioner to do extensive brief writing at the federal court level. He filed a 28 page memorandum in support of plaintiff's summary judgment motion as well as a 13 page reply brief. The Court recognizes the quality of petitioner's summary judgment pleadings. Petitioner's challenge to the ALJ's determination at step 5 was central to the Court's decision to remand the case to the Commissioner.

Petitioner also states that plaintiff's case on remand was difficult because of her statement at the first hearing that she had no trouble walking. On remand, the petitioner requested and the ALJ granted psychological testing as a result of petitioner's cross-examination of the medical expert who agreed that such testing would be probative. Petitioner filed a memorandum with the ALJ in which the ALJ agreed with petitioner's theory and related the mental functioning back to the 1996 date of onset. The favorable result on remand was based on both physical and mental impairments.

Petitioner agreed to a contingency fee arrangement in which he assumed the risk of receiving nothing for his time and effort if plaintiff was unsuccessful. As petitioner accurately explains, there is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements.

The amount involved and the results obtained in this case further support an award of twenty-five percent of past-due benefits. The results obtained for plaintiff were significant. Plaintiff and

her children received an award of $64,395.25 in past-due benefits and $1,142.00 a month prospectively for her and her children. Plaintiff is only 36 years old. If plaintiff continues to receive benefits until she is retirement age and her children are 18 years old, the total benefits would amount to over $300,00 plus her Medicare entitlement. Finally, petitioner has considerable experience handling social security disability cases. He has been practicing law for 29 years and has concentrated on social security disability cases for the past 22 years. According to petitioner, he has been the plaintiff's attorney in 176 reported disability decisions.

The Commissioner opposes petitioner's request on the ground that the fee request is unreasonable. According to the Commissioner, payment of the requested fee would constitute an inappropriate windfall. The Commissioner asserts that an award of $10,780.00 would reasonably compensate petitioner at a rate of $200.00 per hour for 53.90 hours. Without any analysis, the Commissioner asserts that such a fee would comport with the quality of representation in this case, the complexity of the issues involved, and the time spent on plaintiff's behalf in court.

The Court rejects the Commissioner's assertion that an award of the full twenty-five percent of past-due benefits is unreasonable because of the high hourly rate of approximately $393.00 per hour for 53.90 hours of court work. "[S]imply determining a reasonable hourly rate is inappropriate when an attorney is working pursuant to a reasonable contingency contract." McGuire, 873 F.2d at 980. Moreover, numerous courts have approved awards representing similar or even higher rates. For example, in McGuire, the court upheld an award of $15,533.12 for 42.74 hours of legal service before the court which amounted to somewhat less than twenty-five percent of past-due benefits. The award in McGuire represented over $316 per hour over 12 years ago. See also Martin v. Barnhart, 2002 WL 31259914 (W.D. Va. Oct. 9, 2002) (awarding $10,189.50 for 16.82 hours of

court-related work which represented over $605 per hour); Mayfield v. Sullivan, 1992 WL 51666 (N.D. Ill. March 6, 1992) (awarding $4,275.00 in attorney's fees for 11.25 hours of court-related work which represented $380 per hour in 1992); Short v. Sullivan, 1992 WL 38404 (N.D. Ill. Feb. 25, 1992) (awarding $3,000 in attorney's fees for 7.75 hours of work which amounted to an hourly fee of over $387 per hour in 1992).

Because petitioner demonstrated great skill and devoted substantial time in obtaining a highly favorable result for plaintiff, the Court awards plaintiff's attorney, Frederick J. Daley, Jr., the sum of $19,425.25 in fees under 42 U.S.C. § 406(b) which represents 25% of plaintiff's past due benefits minus the $1,764.50 awarded by ALJ Lillios, as provided for in the contingent fee agreement between plaintiff and her counsel.

ENTER:

Nan R. Nolan
United States Magistrate Judge

Dated: 11/19/02